CHIEF JUSTICE HARDIN
delivered the opinion op the court.
The appellee having for a specified sum employed W. T. Scott to erect a brick house for him, Scott undertaking to furnish the brick to be used in the building, the latter, it appears, tortiously, but without the direction of his employer, caused to be taken and removed from the possession of the appellants about seven thousand nine hundred and fifty-six bricks belonging to them, to be used in building the walls of the house. It appears that the appellants were not apprised of the trespass till the last of the bricks taken were loaded upon wagons at their brick-yard and about being removed. When being *664 informed that they were to be used in the erection of the appellee’s house one of them called upon and notified him that the bricks were their property, and had been taken out of their possession without right or authority, and they would seek to make him liable to them for the value of the bricks if used in the construction of his building. The bricks were so used, and thus, becoming a part of the house, passed into the possession of the appellee, who, it appears, proposed to pay for the bricks if ordered to do so by Scott, but not otherwise; and no such order having been given, the appellee afterward paid Scott for the building according to his contract with him.
In this action for the recovery of the value of the bricks as converted to the appellee’s use, the law and facts being submitted to the court for trial, without the intervention of a jury, a judgment was rendered for the defendánt, and this appeal is prosecuted for a reversal of that judgment.
The principle is well-settled that the owner of property wrongfully taken out of his possession and converted by another to his use, whether he be the original trespasser or not, may maintain an action for the recovery of the value of the property against him who converts it. (Poole v. Adkinson et al., 1 Dana, 110; Justice v. Wendell, &c., 14 B. Mon. 12; Sargent, &c. v. Gill, &c., 8 N. H. 325.)
But a question of some apparent difficulty arises as to the application of this general rule in this case. Scott, and not the appellee, committed or caused the trespass by which the bricks were taken out of the appellants’ possession, and it was by his active wrong that they were converted to the appellee’s use by being made a part of his house. But the appellee must be understood to have assented, passively at least, to the conversion of the bricks to his use, and especially so as he knew they were not Scott’s property, and yet did not reject them from his possession, as he had a right to do, but accepted them as part of the building materials Scott had agreed to furnish.
*665 Under these circumstances we must regard him as a participant with Scott in the conversion of the appellants’ property, and his liability, being thus fixed, was not discharged by his subsequent payment to Scott.
It results that the court erred in dismissing the petition. Wherefore the judgment is reversed, and the cause remanded for a new trial in conformity to this opinion.